[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence February 4 1993
 Date of Application February 4, 1993
 Date Application Filed February 4, 1993
 Date of Decision July 23, 1996
 Application for review of sentence imposed by the Superior Court, Judicial District of Tolland.
Docket No. CR92-47520
David B. Rozwaski, Esq., Defense Counsel, for Petitioner CT Page 5115-Q
Patricia A. Swords, Esq., State's Attorney, for the State
BY THE DIVISION
After trial by jury, petitioner was convicted of the crime of being an accessory to burglary in the third degree in violation of General Statutes § 53a-103a(a) and § 53a-8; accessory to kidnapping in the first degree with a firearm in violation of § 53a-92a and § 53a-8; accessory to unlawful restraint in the first degree in violation of § 53a-95 and § 53a-8; accessory to robbery in the second degree in violation of §53a-135 (a)(2) and § 53a-8; and accessory to larceny in the fourth degree in violation of § 53a-125 (a) and § 53a-8. As a result of such conviction, a sentence of five years was imposed on the first count. A fifteen year consecutive sentence was imposed on the second count and a five year concurrent sentence was imposed on the third count. On the fourth count, a sentence of ten years consecutive to counts one and two was imposed. A one year concurrent sentence was imposed on the fifth file. The total effective sentence was 30 years consecutive to any other sentence then being served.
The facts underlying petitioner's conviction indicate that he, in company with a number of other young men armed with knives and a shotgun, entered a private residence. The group kidnapped the elderly residents and unlawfully restrained them in the bathroom while the home was burglarized. There was a question as to whether or not petitioner entered the home or remained in the perpetrator's vehicle.
Petitioner's attorney argued that the sentence imposed was unduly severe and that a split sentence involving probation would be more appropriate. He pointed out that at the time of the offense, petitioner was only sixteen years of age. The attorney also stated that petitioner had an unfortunate upbringing in which he was left to hang out in the streets. Petitioner's education, background and cultural problems, as well as an undiagnosed learning disability, made it difficult for petitioner to avoid criminal activity. CT Page 5115-R
The attorney also argued that petitioner, being a young man, would return to society at some time in the future and that the split sentence would be much more appropriate to his rehabilitation. It was also pointed out that at least one of the co-defendants received a much lesser sentence in a plea bargain and that petitioner's culpability in the crime was less since he was a mere accessory. The attorney argued that the sentence should be reduced to make it closer to that imposed on the codefendant. Speaking on his own behalf, petitioner stressed the length of his sentence and that it would be much better for him and society if the sentence were reduced.
The state's attorney argued against any reduction in sentence. She pointed out the horrific nature of the offenses involving an armed invasion of a private home in which a shotgun and knife were used. She stated that the shotgun had been provided by petitioner and that petitioner himself was the driver of the vehicle which facilitated the offense. It was also pointed out that petitioner was involved in the planning and execution of this and a similar crime shortly before. She also pointed out that the sentence imposed was well under the maximum authorized for the offenses and should not be reduced.
At the time of sentencing, the judge who had heard the evidence and had an opportunity to observe petitioner at close hand throughout the trial commented on petitioner's other serious crimes and his involvement in this offense. The judge also addressed the rehabilitative aspects of the sentence which he imposed.
At the time sentence was imposed, petitioner was very young. The offenses which he committed, however, were of a most serious and vicious nature and had a profound effect on the elderly victims. Considering the nature of the offenses committed and the character of the petitioner, as well as the necessity of protecting the public from such offenses, it cannot be found that the sentence imposed was inappropriate or disproportionate. Connecticut Practice Book § 942.
Sentence affirmed.
Purtill, J.
Norko, J. CT Page 5115-S
Miano, J.
Purtill, J., Norko, J., and Miano, J. participated in this decision.